MARIE WELLESLEY STERLING *vs.* FREDERIC BOCK and others.

## May 20, 1887.

Trial—Cross-Examination.—Evidence in support of an affirmative defence *held* properly excluded, when offered as a part of the cross-examination of the plaintiff's witnesses.

Same—Order of Proof.—The exercise of the discretion of court as to the order of proof sustained.

Contract of Actress—Performance.—Under a contract to serve as an actress for a period of several months, at a stated weekly salary, it was not necessary, in order to constitute a performance of the contract for a particular week, that the actress appear upon the stage, she not being called upon to do so.

Appeal by defendants from an order of the municipal court of Minneapolis, refusing a new trial. The action was brought against four defendants as partners as "Pence Opera House Company," to recover for services rendered by the plaintiff as an actress under a written contract.

*Merrick, Davenport & Thian,* for appellants.

*Weed Munro,* for respondent.

*By the Court.* The answer should be construed as admitting the partnership of the four defendants, and that three of the partners made the contract sued upon, but as denying its validity, for the alleged reason that, by the written articles of agreement, the fourth partner, Bock, was to have exclusive authority to make such contracts; that this was known to the plaintiff, and that Bock never consented to this contract. The burden of proving that the contract made by the three partners was invalid was upon the defendants, and there was no error in excluding evidence offered to that end as a part of the cross-examination of the plaintiff's witnesses, nor in requiring proof of plaintiff's knowledge of this feature of the partnership contract before allowing other evidence upon this point. The evidence sustains the finding that the plaintiff performed the service contracted for, although she did not act in any play during the week in question, she not having been called upon to do so. The contract

was for service as an actress for a period of about six months, at a stipulated price per week, and it is immaterial that during a particular week her active service was not required.

There is no material error in the case, and the order refusing a new trial is affirmed.